

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-19-00417-CV

**IN THE INTEREST OF C.N.H.**, a Child

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2017EM500829
Honorable Antonia Arteaga, Judge Presiding

Opinion by: Sandee Bryan Marion, Chief Justice

Sitting: Sandee Bryan Marion, Chief Justice
Patricia O. Alvarez, Justice
Beth Watkins, Justice

Delivered and Filed: February 5, 2020

REVERSED AND REMANDED

Appellant Travis Robben appeals the trial court's order in a suit affecting the parent-child relationship. Because we conclude the trial court erred by deviating from the terms of a binding mediated settlement agreement, we reverse the trial court's order and remand this cause to the trial court for proceedings consistent with this opinion.

## Background

Travis and appellee Celia Hernandez Diaz are the parents of one child born in 2016. On the petition of the Office of the Attorney General, the trial court entered an order establishing the parent-child relationship on June 20, 2017. The trial court appointed Celia sole managing conservator with the exclusive right to designate the child's residence and appointed Travis possessory conservator.

In 2018, Travis filed a petition to modify the parent-child relationship, alleging materially and substantially changed circumstances and requesting the parties be named joint managing conservators. The trial court referred the parties to mediation. At mediation, the parties entered into a mediated settlement agreement ("the MSA"), in which they agreed to joint managing conservatorship and a geographic restriction on the child's residence, among other things. The MSA further provides: "Possession, access, visitation, and the parent with the exclusive right to designate the residence of the child will be decided by the court, unless there is a future agreement by the parties."

The trial court held a hearing on Travis's petition to modify on August 10, 2018. During the hearing, Celia alleged there had been two incidents of domestic violence during her relationship with Travis. Travis disputed Celia's testimony and testified he was neither arrested nor charged with an offense in relation to either incident. At the conclusion of the hearing, the trial court stated on the record: "You're [Travis] on felony probation for drugs, and there are issues of domestic violence. Respectfully, due to that, mother is granted sole managing conservatorship with the exclusive right to determine residence without geographic restriction. Father will revert back to possessory." Travis's counsel referred the trial court to the MSA, and the trial court responded: "Respectfully, the Court finds there has been domestic violence, and according to the code, you can't have the JMC, it must be an SMC." On April 29, 2019, the trial court signed an order appointing Celia sole managing conservator with the exclusive right to determine the child's residence with no geographic restriction. Travis appeals.

## Standard of Review

We review the trial court's decision to modify an order regarding conservatorship for abuse of discretion. *In re M.G.N.*, 491 S.W.3d 386, 406 (Tex. App.—San Antonio 2016, pet. denied).

The trial court abuses its discretion by acting arbitrarily, unreasonably, or without reference to any guiding rules or principles. *Id.*

## Discussion

In three issues, Travis argues the trial court: (1) abused its discretion by disregarding the MSA, (2) abused its discretion in finding family violence, and (3) denied Travis due process by finding family violence without notice.[1] We first address Travis's argument that the trial court abused its discretion by declining to enter judgment on the MSA.

### A.     Applicable law

Family Code section 153.0071 permits a trial court to refer a suit affecting the parent-child relationship to mediation. TEX. FAM. CODE ANN. § 153.0071(c). A mediated settlement agreement that "(1) provides, in a prominently displayed statement that is in boldfaced type or capital letters or underlined, that the agreement is not subject to revocation; (2) is signed by each party to the agreement; and (3) is signed by the party's attorney, if any, who is present at the time the agreement is signed" is binding on the parties. *Id.* § 153.0071(d).

A party is entitled to judgment on a properly executed mediated settlement agreement "notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law." *Id.* § 153.0071(e). This provision "reflects the Legislature's determination that it is appropriate for parents to determine what is best for their children within the context of the parents' collaborative effort to reach and properly execute an MSA." *In re Lee*, 411 S.W.3d 445, 454 (Tex. 2013). "This makes sense not only because parents are in a position to know what is best for their children, but also because successful mediation of child-custody disputes, conducted within statutory

---

[1] Celia did not file an appellate brief.

parameters, furthers a child's best interest by putting a halt to potentially lengthy and destructive custody litigation." *Id.*

Subsection (e-1), however, creates a "very narrow exception" in which the trial court may decline to enter a properly executed mediated settlement agreement. *Id.* at 450. That subsection provides: "Notwithstanding Subsections (d) and (e), a court may decline to enter a judgment on a mediated settlement agreement if the court finds: (1) that: . . . a party to the agreement was a victim of family violence, and that circumstance impaired the party's ability to make decisions; . . . and (2) that the agreement is not in the child's best interest." TEX. FAM. CODE ANN. § 153.0071(e-1).

The supreme court has recognized the potential for the terms of a mediated settlement agreement to conflict with other provisions of the Family Code. For instance, Family Code section 153.002 provides: "The best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child." *Id.* § 153.002. In *Lee*, the supreme court addressed this conflict, holding a trial court may not deny a motion to enter judgment on a properly executed mediated settlement agreement based solely on the trial court's best interest finding. 411 S.W.3d at 450. Applying statutory rules of construction, the court reasoned section 153.0071 controls over section 153.002 because: (1) the "notwithstanding . . . another rule of law" language in section 153.0071(e) reflects the Legislature's intent that section 153.0071 control over conflicting provisions of the Family Code; (2) "the specific statutory language of section 153.0071(e) trumps section 153.002's more general mandate"; and (3) section 153.0071 was enacted "long after" section 153.002 "and therefore prevails as 'the statute latest in date of enactment.'" *Id.* at 454–55 (citing and quoting TEX. GOV'T. CODE ANN. §§ 311.025(a), 311.026(b)).

**B.     Analysis**

In this case, the MSA satisfies section 153.0071(d)'s requirements because it: (1) states in boldfaced, underlined text: "The parties agree that this agreement is binding and not subject to revocation and is enforceable by a court of competent jurisdiction"; (2) is signed by Travis and Celia; and (3) is signed by the parties' attorneys and a mediator. *See* TEX. FAM. CODE ANN. § 153.0071(d). Therefore, the trial court had no discretion to refuse to enter judgment on the MSA unless it found "a party to the agreement was a victim of family violence, and that circumstance impaired the party's ability to make decisions" and "the agreement is not in the child's best interest." *See id.* § 153.0071(e)–(e-1).

In the April 29, 2019 modification order, the trial court found: "Travis Robben has a history or pattern of committing family violence during the two-year period preceding the filing of this suit or during the pendency of this suit." The trial court did not, however, find a party to the MSA was a victim of family violence and that circumstance impaired the party's ability to make decisions. Indeed, there was no evidence introduced at the August 10, 2018 hearing that either party's ability to make decisions was impaired by family violence. And, while the modification order states "the following orders are in the best interest of the child," the trial court did not specifically find the MSA is not in the child's best interest.

Instead of section 153.0071, it appears the trial court based its decision on Family Code section 153.004, which provides in relevant part: "The court may not appoint joint managing conservators if credible evidence is presented of a history or pattern of past or present child neglect, or physical or sexual abuse by one parent directed against the other parent, a spouse, or a child[.]" *Id.* § 153.004(b). While section 153.004(b) generally applies in suits affecting the parent-child relationship, we conclude section 153.0071 controls here. As the supreme court noted in *Lee*, section 153.0071 specifically entitles a party to judgment on a mediated settlement agreement

*notwithstanding* any other provision of law, indicating the Legislature's intent that section 153.0071 control in the event of conflict. 411 S.W.3d at 454. In addition, because the narrow exception contained in section 153.0071(e-1) was enacted after section 153.004, section 153.0071 prevails. *See* TEX. GOV'T. CODE ANN. § 311.025(a) ("[I]f statutes enacted at the same or different sessions of the legislature are irreconcilable, the statute latest in date of enactment prevails.").

Therefore, even to the extent section 153.004 otherwise would compel a different result in this case, we conclude the trial court was required by section 153.0071 to enter judgment on the MSA absent finding "a party to the agreement was a victim of family violence, and that circumstance impaired the party's ability to make decisions" and "the agreement is not in the child's best interest." *See* TEX. FAM. CODE ANN. § 153.0071(e-1). Because the trial court did not make the requisite findings, which would have been unsupported by the record, the trial court abused its discretion in declining to enter judgment on the MSA. Accordingly, we sustain Travis's first issue. Because Travis's first issue is case-dispositive, we do not address his remaining issues. *See* TEX. R. APP. P. 47.1.

## Conclusion

Having sustained Travis's first issue, we reverse the trial court's April 29, 2019 order and remand to the trial court for proceedings consistent with this opinion.

Sandee Bryan Marion, Chief Justice